UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KELLY A. RODRIGUEZ,

       Plaintiff,

 v.              **DECISION AND ORDER**
                  08-CV-002S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

   1.  Plaintiff Kelly A. Rodriguez challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since May 1, 1999, due to a back injury, bladder disorder, depression, anxiety, and a learning disorder. She therefore asserts that she is entitled to disability benefits under the Act.

   2.  Plaintiff filed an application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") on January 26, 2004.[1] Her application was denied initially, after which he requested a hearing before an ALJ. That hearing took place on October 20, 2005. The ALJ considered Plaintiff's case *de novo*, and on January 27,

---

[1] Plaintiff previously filed a claim for DIB on September 8, 1998. (R. at 24.) That claim was denied by ALJ Barry Anderson in a decision dated June 22, 2000. (Id.) Plaintiff asked the Appeals Council to review the denial. (Id.) The Appeals Council granted review and remanded the case, but after a second hearing, Plaintiff's claim was again denied by ALJ Marilyn D. Zahm on November 26, 2002. (Id.) Plaintiff did not appeal, and that denial became the final decision. (Id.)

In her present application, Plaintiff alleges that she was disabled beginning May 1, 1999. Because Plaintiff did not submit any new material evidence covering the period from May 1, 1999, through November 26, 2002, the date on which ALJ Zahm denied her claim, the ALJ held that *res judicata* applied to the issue of Plaintiff's disability from May 1, 1999, through November 26, 2002. (R. at 25.) Additionally, the ALJ noted that Plaintiff did not submit any evidence for the period beginning November 26, 2002, through December 31, 2002, therefore ALJ Zahm's decision extended through this period as well.

2006, issued a decision denying Plaintiff's application for benefits. On December 11, 2007, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision on January 3, 2008.[2]

3. The parties subsequently filed Motions for Judgment on the Pleadings.[3] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on October 10, 2008.[4] For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60,

---

[2] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

[3] Both Plaintiff and Defendant filed their motions on July 14, 2008. (Docket Nos. 7 and 9.)

[4] October 10, 2008, is the date on which Plaintiff filed her reply to Defendant's response. (Docket No. 15.) Although Plaintiff submitted her reply outside the dates provided in this Court's Scheduling Order dated August 20, 2008, this Court has fully considered the arguments therein.

62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or

mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since May 1, 1999 (R. at 28); (2) Plaintiff's degenerative disc disease, lumbar spine, adjustment disorder with mixed anxiety and depression are "severe" impairments within the meaning

4

of the Act (R. at 28[5]); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 28-29); (4) Plaintiff retained the residual functional capacity ("RFC") to perform unskilled sedentary work activity with certain restrictions (R. at 29-30.[6]); and (5) although Plaintiff is unable to perform any of her past relevant work, based upon her age, education, work experience, and RFC, Plaintiff is capable of performing unskilled sedentary work, including an assortment of unskilled bench work. (R. at 34.[7]) The ALJ therefore concluded that Plaintiff was not disabled.

10. Plaintiff challenges the ALJ's decision on four grounds. First, Plaintiff argues that the ALJ failed to adequately develop the record by not obtaining all medical evidence from Dr. Donald E. Gullickson, II, Plaintiff's treating physician. (Pl.'s Mem., pp. 4-5.[8]) The SSA regulations provide that the ALJ must assist the plaintiff in obtaining medical reports from the plaintiff's medical sources for "at least the 12 months preceding the month in which [the plaintiff files her] application." 20 C.F.R. § 404.1512(d). Further, "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).

Here, Plaintiff argues there was a gap in the record because the ALJ did not have

---

[5] The ALJ held that Plaintiff's "unspecific learning disorder," was not a severe impairment. (R. at 28.)

[6] In particular, the ALJ found that Plaintiff could lift and carry up to 10 pounds occasionally and frequently, can stand and walk up to two hours and sit for up to six hours. (R. at 29.) She must be able to shift between sitting and standing positions at will, and can do no more than occasional bending. (Id.) Lastly, she cannot walk for more than 15 minutes at a time. (Id.)

[7] Rather than listing the jobs falling into the category of "unskilled bench work," the ALJ referred to ALJ Zahm's decision dated November 26, 2002, wherein ALJ Zahm listed the unskilled bench work jobs that were available to Plaintiff.

[8] Referring to Plaintiff's Memorandum of Law in Support of his Motion for Judgment on the Pleadings. (Docket No. 9.)

5

all of Plaintiff's medical records from Dr. Gullickson at the time of Plaintiff's hearing. Plaintiff further argues that "it does not appear that the ALJ ever attempted to fill in the gaps in the administrative record after the hearing." (Pl.'s Reply, p. 2.[9])

But examination of the record indicates that the ALJ did in fact obtain additional records of Dr. Gullickson after the hearing.[10] For instance, in her decision, the ALJ cited three separate reports by Dr. Gullickson despite her statement that she only had one of Dr. Gullickson's medical records at the time of the hearing. (R. at 31-2.[11]) Additionally, Plaintiff has not identified the reports of Dr. Gullickson that are allegedly missing from the record, or what reports the ALJ failed to consider. This Court notes that in her appeal to the Appeals Council, Plaintiff submitted additional medical records, but none of those medical records were authored by Dr. Gullickson. Accordingly, this Court finds the ALJ committed no error.

11. Second, Plaintiff argues that the ALJ erred by not recontacting Dr. Gullickson for further clarification of his opinion that Plaintiff was capable of sedentary work, yet she could not sit for six hours. (Pl.'s Mem., pp. 6-7.[12]) Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of

---

[9] Referring to Plaintiff's Reply Memorandum of Law. (Docket No. 15.)

[10] At the hearing, the ALJ stated the following:

> I'm sorry. Let me see if I can find his records here. No, I don't have records. Yeah, I do. I have one record from Dr. Gullixan [sic].
> . . .
> Okay. I think I, I understand what you're saying. I will carefully look at Dr. Gullixan's [sic] record. . . . I won't make my decision before that.

(R. at 274, 176.)

[11] Dr. Gullickson's reports are included in the case file. (R. at 132, 214-17, 218-19.)

[12] "[A] sedentary job is defined as one which involves sitting. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

6

record. 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). But the ALJ is not prevented from making a disability determination if "the evidence . . . , including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [so long as the ALJ weighs] all of the evidence and see[s] whether [he] can decide whether [plaintiff is] disabled based on the evidence." 20 C.F.R. § 404.1527(c)(2).

Here, the ALJ did not find any inadequacy or ambiguity in Dr. Gullickson's opinion that prevented her from making a disability determination. Rather, she found the portion of Dr. Gullickson's opinion that stated Plaintiff could not sit for six hours was inconsistent with the overall medical evidence, including the clinical findings of other medical professionals of record. (R. at 33.) Additionally, the ALJ found this portion of Dr. Gullickson's opinion without support as Dr. Gullickson "did not explain why [Plaintiff] could not sit for six hours." (Id.) Consequently, the ALJ was under no obligation to recontact Dr. Gullickson, and the ALJ committed no error.

12. Third, Plaintiff argues that the ALJ erred by failing to properly assess Plaintiff's credibility. (Pl.'s Mem., pp. 7-8.) Specifically, Plaintiff argues that the ALJ failed to "thoroughly question the plaintiff at her hearing," and as a result, the ALJ's credibility finding is unsupported. (Pl.'s Mem., p. 8.)

Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make

7

determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar). The ALJ's credibility determination must be supported by substantial evidence. See Califano, 615 F.2d at 27.

This Court finds no error in the ALJ's credibility determination. The ALJ sufficiently articulated her rationale for concluding that Plaintiff was not totally credible. In particular, the ALJ noted that Plaintiff occasionally worked "off the books," she is able to fully care for her 7-year old grandchild, who lives with her, she is able to perform all of her daily living activities, she interacts with her children and neighbors, attends church, and is on welfare despite receiving a settlement of $69,000 in 2003. (R. at 29-30.) Thus, this Court finds that substantial evidence supports the ALJ's credibility determination.

13. Finally, Plaintiff argues that the ALJ erred by not obtaining a vocational expert to determine the extent of the erosion to the unskilled sedentary occupational base. (Pl.'s Mem., pp. 8-9.) Plaintiff cites Social Security Ruling 96-9, which provides the following:

> **Alternate sitting and standing:** An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, *the occupational base for a full range of unskilled sedentary work will be eroded*. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. *It may be* especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

(SSR 96-9p) (emphasis added).

Here, the ALJ found that Plaintiff is capable of performing unskilled sedentary work with a sit/stand option. (R. at 29, 33, 34.) And without the assistance of a vocational expert, the ALJ found that there was "little or no effect on the occupational base of unskilled sedentary work." (R. at 34.) But despite Plaintiff's argument that the ALJ

8

committed an error of law, the ALJ is under no requirement to consult a vocational expert when determining the extent of the erosion.  Rather, SSR 96-9p states that "[i]t may be" useful to consult a vocational expert.  Additionally, the ALJ did not find that the occupational base would not be eroded, but instead, found that it would be eroded only slightly.  Lastly, in her RFC assessment, the ALJ specifically set forth Plaintiff's need to alternate between sitting and standing as required under the Ruling.  Accordingly, this Court finds that the ALJ committed no error.

14. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering her decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings, and deny Plaintiff's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 7, 2009,
      Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    United States District Judge